
**FILED**
**SEPTEMBER 19, 2008**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RONALD WAYNE JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0014 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION
### TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RONALD WAYNE JOHNSON wherein he challenges the results of three (3) prison disciplinary proceedings. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DENIED.

### I.
### BACKGROUND

Petitioner is in respondent's custody pursuant to a 1978 conviction for the felony offense of aggravated rape out of the 70th Judicial District Court of Ector County, Texas, and the resultant 99-year sentence. *State v. Johnson*, No. 10,473. Further elaboration of the specifics of petitioner's state court conviction and any post-conviction proceedings is unnecessary as petitioner complains solely of three (3) disciplinary proceedings which took place at the Clements Unit in Amarillo,

Texas. At the time petitioner filed the instant habeas application he was still confined in the Clements Unit.

## II.
## DISCIPLINARY PROCEEDINGS

Based on his habeas application,[1] petitioner was apparently charged, in Cause No. 20070358828, with a prison disciplinary offense for failing to put his name on I-60 forms. On or about August 28, 2007, it appears a Hearing Officer conducted a prison disciplinary proceeding on the charges levied against petitioner. Presumably petitioner was present at the hearing and asserted he was not guilty of the charged offense. At the conclusion of the hearing, the hearing officer apparently found petitioner guilty of the offense. Petitioner avers he was punished with the forfeiture of 30 days previously accrued good time credits.[2] Following the finding of guilt in the disciplinary proceeding, petitioner avers he filed a Step 1 grievance which was denied on September 27, 2007, and a Step 2 grievance which was denied on November 21, 2007.

Petitioner avers in his first amended petition that he was charged, in Cause No. 20080044941, with the offense of refusing orders. Petitioner does not indicate the date of any disciplinary proceeding on the charges levied against petitioner. Apparently, however, petitioner was present at a hearing, asserted he was not guilty of the charged offense, and that the hearing officer nonetheless found petitioner guilty of the offense. Petitioner avers he was punished with the forfeiture of 30 days previously accrued good time credits, and that he "grieved" the ruling.

---

[1] Petitioner has not provided the Court with a copy of his disciplinary records. Instead, attached to his petition, is a copy of a grievance concerning retaliation and complaints concerning housing assignments.

[2] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

Petitioner also avers he was charged, in Cause No. 20080160233 with the offense of possession of contraband.[3] Again, petitioner does not indicate a date that any disciplinary proceeding was held, but seems to argue he was present at a hearing, asserted he was not guilty of the charged offense, but was ultimately found petitioner guilty of the offense. Petitioner avers he was punished with the forfeiture of 30 days previously accrued good time credits, and that he "grieved" his conviction and punishment.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the above disciplinary proceedings in the following respects:

1. Petitioner's due process rights were violated because the disciplinary proceedings did not adhere to the Texas Government Code requirement of providing petitioner with a neutral hearing officer;

2. Petitioner was denied his right to counsel in the disciplinary proceedings because his counsel substitute was not a licensed attorney; and

3. The decisions of the Grievance Committee denying petitioner's grievances challenging his disciplinary proceedings are void because the Grievance Committee is not made up of licensed attorneys.

## III.
## MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the

---

[3] Petitioner indicates he "sold food to get postage to mail."

criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

In his first ground, petitioner claims his due process right were violated because he was denied a neutral hearing officer as required by the Texas Government Code. Petitioner cites the Court to sections 2003.021 and 2009.053.[4] Neither of those state statutory provisions are applicable to state prison disciplinary proceedings. Petitioner has demonstrated no federal constitutional due process violation with regard to any failure of respondent to comply with these state statutory provisions.

To the extent, if any, petitioner is arguing he was denied a neutral hearing officer in violation of TDCJ-CID administrative policy, such argument is also with merit.[5] A complaint that TDCJ-CID did not follow its own administrative rules is not within the scope of federal review and

---

[4] Section 2003.021 concerns the State Office of Administrative Hearings which conducts hearings in the executive branch of Texas government. Section 2009.053 concerns the appointment of impartial third parties in alternative dispute resolutions for use by governmental bodies.

[5] Petitioner cites the Court to Administrative Directive 04.35 without stating the substance of the directive.

is not cognizable herein.  Federal habeas corpus review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure or, as applicable in this case, administrative procedure.  *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimum constitutional requirements are met); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (failure of prison officials to follow their own rules does not establish a constitutional violation).

Further, to the extent, if any, petitioner is arguing he was denied due process because he was denied a right to an neutral hearing officer in a state prison disciplinary proceeding under federal law, petitioner has not identified any such federal authority entitling petitioner to such.  Petitioner cannot demonstrate a violation of federal law entitling him to federal habeas corpus relief.

Lastly, to the extent, if any, petitioner is arguing he was, in fact, denied a neutral hearing officer to preside over his disciplinary hearing and, thus, his fundamental right to due process under the United States Constitution was violated, petitioner's claim should be denied because any claim that the hearing officer was not an impartial decision maker is conclusory.  Petitioner offers absolutely nothing to demonstrate the officer was not fair and neutral.  Petitioner has presented nothing to substantiate or support an allegation that the officer had undue bias or preconceived opinions.  Conclusory allegations do not raise a constitutional issue for habeas review, and should be summarily dismissed.  *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *see also Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).  Petitioner's first ground is without merit and should be denied.

In his second ground, petitioner argues that by representing petitioner at the disciplinary

hearing, counsel substitute, who was not a licensed attorney, was engaged in the unauthorized practice of law and, therefore, the disciplinary proceedings are void.[6] Petitioner further contends he was constitutionally entitled to representation by an attorney, rather than a layperson, at the prison disciplinary proceedings because he is legally incompetent and was subjected to a loss of liberty by the proceedings.

A prison inmate has no constitutional right to either retained or appointed counsel in a disciplinary proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 315, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). Moreover, petitioner cites no authority, and the Court has found none, that serving as a counsel substitute in a disciplinary proceeding constitutes the practice of law or, even if such representation does constitute the practice of law, that the disciplinary proceeding would be void as a result thereof. Further, TDCJ-CID's providing petitioner assistance in a disciplinary proceeding through counsel substitute does not create an entitlement to representation by a licensed attorney. Petitioner has not demonstrated the violation of a constitutionally protected right, or a denial of due process, and is entitled to no relief with regard to this ground.

By his third ground, petitioner contends the grievance process wherein he appealed his disciplinary ruling was void because the members of the grievance committee are not attorneys and, thus, were engaged in the unauthorized practice of law.[7] There is no state statutory requirement that any grievance system developed by TDCJ-CID for resolution of grievances by inmates consist of licensed attorneys. Nor does petitioner have a federal constitutional right to prison grievance

---

[6] Petitioner cites the Court to Texas Government Code § 81.102 which requires membership in the state bar in order to practice law in the State of Texas.

[7] Petitioner cites the Court to Texas Government Code §§ 501.008 and 501.150. Section 501.008 directs the development and maintenance of the inmate grievance system. Section 501.150 governs the establishment of a procedure for monitoring the quality of care delivered by managed health care providers.

review by state licensed attorneys.  Petitioner's third claim is without merit and should be denied.

IV.
RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner is without merit and should be, in all things, DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of September 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).